DECISION
Plaintiff has appealed the value of his land for the 2007-08 tax year. Trial was held by telephone September 2, 2008. Plaintiff appeared on his own behalf. Defendant was represented by Katie Bailey.
 I. STATEMENT OF FACTS
The subject property is a .37 acre wooded parcel identified in the assessor's record as Account R247966. The parcel slopes steeply downward away from the road to a creek at the bottom of a swale. The property is subject to certain zoning restrictions that limit development. A geological report submitted by Plaintiff indicates "installation of fill at the top of the slope has reduced the factor of safety against slope failure to an unfavorable level, with sliding likely to occur in the soft clay layer encountered during our explorations." (Ptf's Ex 7.) The report goes on to say "the site can be developed as proposed providing that the structure is supported on foundations that extend below the soft clay * * * [and that] drilled piers would be the preferred alternative." (Id.)
Plaintiff purchased the property in 2002 for $8,000. The assessor's real market value (RMV) for the land for the 2007-08 tax year is $90,000. Plaintiff requests a reduction "down to *Page 2 
or less than $50,000." (Ptf's Compl at 1.) Defendant requests that the value be sustained. The assessed value (AV) is $58,840.
In 2006, Plaintiff acquired the necessary permits for the construction of a structure that he began building sometime in 2006 or 2007. The partially completed home, which is not under appeal, is a tent-like structure with a membrane material called Tedlar, and is supported by an aluminum framed structure anchored to the ground by drilled piers. Plaintiff spent approximately $28,000 for surveys and site developments in preparation for the construction of the structure.
 II. ANALYSIS
The issue is the RMV of the subject property as of the January 1, 2007, assessment date for the 2007-08 tax year. RMV for property tax purposes is defined by statute as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." ORS308.205(1).[1] The administrative rule promulgated by the Oregon Department of Revenue instructs that the three approaches to value — sales comparison, cost, and income — be considered in determining a property's value, but recognizes that all three approaches may not be applicable in a given case. OAR 150-308.205-(A).
Plaintiff, in this case, estimates value based on cost. Plaintiff paid $8,000 for the property and approximately $28,000 for site developments to the land, for a total of roughly $36,000. Plaintiff, however, performed some of the site development labor. Recognizing that his costs do not include the value of his labor, Plaintiff adds an additional $14,000 to arrive at his $50,000 land value estimate. *Page 3 
Defendant relies on the market approach (sales comparison). Defendant believes Plaintiff got a bargain when he purchased the property for $8,000, because, according to the realtor involved in that sale, it was not known at that time whether the site was able to be developed. Additionally, Bailey notes Plaintiff listed his property for $108,000 in 2005, and relisted the property through a different agent in 2006 for $99,950. The second listing expired in June 2006. The property at that point had been approved for development, although the system development charges and other development fees had not been paid. Plaintiff counters with a letter from a broker stating that she was not able to sell Plaintiff's property for $80,000 from May 28, 2005, to January 1, 2006. (Ptf's Ex 8.)
Bailey submitted sales of several steeply sloped lots to establish that such lots were being developed in the area of the subject property and that the values increased over time, despite issues such as topography, soil stability, etc. One undeveloped lot sold for $16,000 in 1988, and another for $99,900 in 2005. (Def's Ex C.) Another lot sold in January 2005 for $50,000, even though the home on the adjacent lot was damaged by a landslide 1996, and the listing purportedly stated that there would be an estimated $80,000 for unusual building costs. That testimony is uncorroborated. Bailey also submitted information on two sales located within several blocks of the subject to show that Plaintiff's property would have a value of approximately $185,000 if the terrain were flat. The lot, however, is not flat.
Plaintiff has the burden of proof. ORS 305.427. The court finds persuasive the fact that Plaintiff paid $8,000 for the property in 2002 and that he could not sell the property for $80,000 in January 2006. Properties like the subject are unique and the relevance and persuasiveness of other "similar" properties is minimal. So, too, is the fact that Plaintiff tried to sell the property for $108,000 and later for $99,950, because neither attempt resulted in a sale. On the evidence *Page 4 
before it, the court concludes that the RMV of the subject property as of January 1, 2007, was $70,000. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted in part, with the RMV for the 2007-08 tax year reduced to $70,000.
[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2005. *Page 1